**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE KROMMENHOCK and STEPHEN HADLEY, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>POST FOODS LLC,<br><br>Defendant. | Case No. 3:16-cv-04958-WHO (JSC)<br><br>**PLAINTIFFS' OPPOSITION TO POST FOODS, LLC'S ADMINISTRATIVE MOTION TO CONTINUE CASE MANAGEMENT CONFERENCE**<br><br>Judge:   Hon. William H. Orrick |

Plaintiffs filed this class action on August 29, 2016, "primarily to enjoin Post from continuing to engage in its practice of using deceptive health and wellness claims to market high-sugar cereals" (Dkt. No. 1, Compl. ¶ 3). Plaintiffs allege Post misleads consumers "by using various labeling statements to suggest its cereals are healthy food choices" (*id.* ¶ 114) when in fact "[m]any of Post's cereals . . . contain high amounts of sugar, such that their regular consumption is likely to contribute to excess added sugar consumption and, thereby, increased risk for and contraction of chronic disease" (*id.* ¶ 115), like metabolic syndrome, type 2 diabetes, cardiovascular disease, liver disease, obesity, and other morbidity (*id.* ¶¶ 42-110). Post's misleading advertising includes statements like "wholesome," "nutritious," and "good for you," made on 54 cereals with sugar comprising as much as 56% of calories.

Plaintiff served Post on September 1.  (Dkt. No. 8.) On September 16, the parties stipulated to extending to October 31 Post's time to respond. (Dkt. No. 17.) On September 20, the Court scheduled a Case Management Conference for December 6. (Dkt. No. 22.) Thus, the parties must engage in the Rule 26(f) discovery planning conference no later than November 15. Fed. R. Civ. P. 26(f)(1).

In compliance with Fed. R. Civ. P. 26(a)(1)(A), plaintiff served his initial disclosures, including by producing 1,755 pages of documents on which plaintiff will rely, comprised of the studies and other sources cited in the Complaint. That same day, plaintiff also served early Rule 34 requests, as authorized by Fed. R. Civ. P. 26(d)(1).

On October 18, the parties stipulated to an extended briefing schedule on Post's anticipated Rule 12 motion, "[g]iven the length and breadth of Plaintiff's Complaint" (Dkt. No. 24 ¶ 4). The Court granted it, but did not disturb the December 6 CMC. (Dkt. No. 25.)

On November 2, Post filed an administrative motion styled as one "to continue [the] Case Management Conference" (Dkt. No. 31). Post, however, does not seek a *continuance*, but asks the Court to *cancel* the CMC and not reschedule it "until after the Court has heard and ruled on the Motion to Dismiss[.]" (Mot. at 1.) Thus Post's motion actually seeks a discovery stay, rather than a mere scheduling continuance.

In addition to staying discovery, Post also asks that the Court relieve it of its meet-and-

1

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' OPPOSITION TO POST FOODS, LLC'S MOTION TO CONTINUE CMC

confer obligations under Rules 26(f), and thereby also its initial disclosure obligations under Rule 26(a), which are due 14 days after the 26(f) conference, Fed. R. Civ. P. 26(a)(1)(C). (*See* Mot. at 2-3 (asking Court to "continue the CMC *and related case deadlines*" (emphasis added)).) Post has neither met its "heavy burden" of making a "strong showing" why discovery should be stayed, nor demonstrated why it should be excused of its Rule 26 obligations. Accordingly, its motion should be denied. *Compare Bohac v. Gen. Mills, Inc.*, 2013 WL 5587924, at *5 (N.D. Cal. Oct. 10, 2013) (Orrick, J.) (denying request for limited, three-month stay at pleading stage, noting that "the orderly course of justice will most likely be harmed by a stay," which "is more likely to delay justice, slow the resolution of the matter, and make this litigation more expensive in the long run than simply moving forward").

## ARGUMENT

Orders protecting a party from discovery "are only appropriate . . . upon a showing of 'good cause' by the party seeking the order." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975)). "The moving party must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Id.* (citations omitted). Post has not met its burden here, nor could it.

### I.   POST HAS NOT SHOWN GOOD CAUSE TO STAY DISCOVERY

#### A.   The Parties Have Not Yet Even Discussed Discovery

Post asks the Court for a blanket stay of discovery and all other case deadlines pending its motion to dismiss, before even having engaged in the discovery planning conference required by Rule 26(f). Having not even yet discussed discovery with plaintiff, the request is premature and improper.

The Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Had the Federal Rules contemplated that a motion to dismiss under [Rule] 12(b)(6) would stay discovery, the Rules would contain a provision to that

2

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' OPPOSITION TO POST FOODS, LLC'S MOTION TO CONTINUE CMC

effect." *Gray*, 133 F.R.D. at 40. To the contrary, "[t]he obligation to participate in the planning process is imposed on all parties . . . including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case." Fed. R. Civ. P. 26(f), Advisory Committee Notes to 1993 Amendments. Thus, Post's request "is directly at odds with the need for expeditious resolution of litigation." *See Gray*, 133 F.R.D. at 40.

Post complains that plaintiff delivered early document requests as authorized under Rule 26(d)(2)(A), which will be considered served at the conclusion of the 26(f) conference. (*See* Mot. at 1, 3-4.) Plaintiff could have waited and only served discovery following the Rule 26(f) conference—Post's deadline for responding would have been the same. But taking seriously Rule 1's mandate for a "speedy" resolution, plaintiff not only made his initial disclosures, but delivered early document requests to Post at the time permitted by Rule 26(d)(2)(A). *This was to Post's benefit*.

Besides giving Post the opportunity to ensure a proper litigation hold and to begin planning for and organizing discovery, the advisory committee has explained that the "relaxation of the discovery moratorium" embodied in the 2015 amendments permitting delivery of early discovery requests "is designed to facilitate focused discussion during the Rule 26(f) conference," which "may produce changes in the requests." Fed. R. Civ. P. 26(d), Advisory Committee Notes to 2015 Amendments. "Since motions to dismiss are a frequent part of federal practice," Rule 26(d)(2)(A) "only makes sense if discovery is not to be stayed pending resolution of such motions." *See Gray*, 133 F.R.D. at 40 (discussing a prior version of Rule 33, which was analogous to current Rule 26(d)(2)(A), in that it permitted interrogatories to be served with the summons and complaint).

Post also complains that its document production will be due 30 days after the 26(f) conference (Mot. at 1), but plaintiff's requests actually seek production "within 30 days after the parties' first Rule 26(f) conference, *or such other time as stipulated or ordered by the Court*." (Dkt. No. 31-2, Meyerhoff Decl. Ex. 1 at 1 (emphasis added).) Moreover, Rule 34 only requires "[t]he production [to] be completed no later than the time for inspection specified in the request *or another reasonable time specified in the response*." Fed. R. Civ.

3

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' OPPOSITION TO POST FOODS, LLC'S MOTION TO CONTINUE CMC

P. 34(b)(2)(B) (emphasis added). Again, Post has not even discussed timing with plaintiff.

Even where a Rule 12 motion is pending, the Federal Rules obligate the parties to meet and confer in good faith, reach compromises where possible, and comply with discovery obligations. The parties here may disagree regarding the scope of discovery or the relevant factual and legal issues, but this is usual and expected, not a basis for vacating a Rule 26(f) conference or CMC.

Because the Federal Rules allow service of early document requests and require that the parties discuss discovery even when a motion to dismiss is pending, Post's present request to stay all discovery indefinitely is improper. The Court should direct Post to engage in the Rule 26(f) conference, to make its Rule 26(a) initial disclosures, and to respond to plaintiff's first document requests in the manner it deems appropriate. If Post then believes it has good cause for seeking a *narrow* and *specific* protective order or other discovery limitation with which plaintiff does not agree, Post can raise this with the Court in the Joint Discovery Planning Report, at the CMC, or otherwise, making a specific showing for the need for relief.

### B.    Post Makes No Showing its Motion to Dismiss is Likely to Succeed

"[A] stay of the type requested by defendants, where a party asserts that dismissal is likely, . . . require[s] the court to make a preliminary finding of the likelihood of success on the motion to dismiss," but "[t]his would circumvent the procedures for resolution of such a motion." *Gray*, 133 F.R.D. at 40.

Here, not only has plaintiff not had an opportunity to respond to Post's Rule 12 arguments, but Post's present motion makes only conclusory and unsupported assertions that it has "strong grounds on which to dismiss Plaintiffs' 154-page, 414-paragraph Complaint in its entirety, or to dismiss Plaintiffs' claims as to nearly half of the 54 products (the 'Products') on which they purport to bring claims and as to dozens of challenged labeling statements." (Mot. at 1.) This is an insufficient record on which to issue a blanket stay of discovery.

Contrary to Post's assertion, in any event, it is highly *unlikely* that the case will be dismissed in its entirety. First, Post raises conflict preemption, but this is categorically excluded by the Nutrition and Labeling Education Act's "savings clause," which provides

4

that "[t]he [NLEA] shall not be construed to preempt any provision of State law, unless such provision is expressly preempted under [21 U.S.C. § 343-1(a)]," Pub. L. No. 101-535, § 6(c)(1); *see also Holt v. Foodstate, Inc.*, 2015 WL 9592534, at *4 (S.D. Cal. Dec. 31, 2015) ("Defendant's assertion that Plaintiffs' claims conflict with the FDCA's enforcement scheme is belied by the NLEA," which "include[s] an express savings clause that disavows any implied preemption[.]"). And Post admits that if its preemption arguments are unsuccessful, it "alternatively" challenges only about half the products. (Mot. at 3.)

Second, the Complaint alleges in great detail the detrimental health effects of consuming excessive added sugar, identifies each challenged product, statement, and practice, and alleges at length why the advertising and business practices violate the law. Such a detailed and well-researched complaint is unlikely to be dismissed in its entirety. Moreover, the recent decision of the Honorable  in *Coe v. General Mills, Inc.*, 2016 WL 4208287 (N.D. Cal. Aug. 10, 2016), demonstrates Post's dismissal motion is unlikely to succeed.

In *Coe*, plaintiffs sued General Mills for deceptively marketing Cheerios Protein, alleging as "impl[ying] that the product is essentially the same as Cheerios, only with added protein," despite that the difference in protein between the products was nominal (less than 1 gram), while "the 'Cheerios Protein' name . . . says nothing about added sugar," despite that the product contained 16-17 times more sugar than regular Cheerios. *Id.*, at *1. In light of the sugar, "Plaintiffs also challenge[d] certain statements on the label as false or misleading: that the product provides 'a great start to your day,' enables you to 'start your school day right,' and allows you to 'kick-start your day.'" *Id.* General Mills moved to dismiss the entire Complaint on grounds such as preemption, failure to allege that a reasonable consumer would be misled, and puffery. *Coe*, 2016 WL 4208287, at *2-6. The Court, however, denied General Mills' motion almost entirely. *See id.*

In sum, "[a]lthough it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value, this is not such a case," and Post's motion should be denied. *See Gray*, 133 F.R.D. at 40 (internal citation omitted).

5

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' OPPOSITION TO POST FOODS, LLC'S MOTION TO CONTINUE CMC

| | |
|---|---|
| Dated: November 7, 2016 | /s/ Jack Fitzgerald |
| | **THE LAW OFFICE OF JACK FITZGERALD, PC** |
| | JACK FITZGERALD |
| | *jack@jackfitzgeraldlaw.com* |
| | TREVOR M. FLYNN |
| | *trevor@jackfitzgeraldlaw.com* |
| | MELANIE PERSINGER |
| | *melanie@jackfitzgeraldlaw.com* |
| | Hillcrest Professional Building |
| | 3636 Fourth Avenue, Suite 202 |
| | San Diego, California 92103 |
| | Phone: (619) 692-3840 |
| | Fax: (619) 362-9555 |
| | ***Attorneys for Plaintiffs and the Proposed Class*** |

6

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' OPPOSITION TO POST FOODS, LLC'S MOTION TO CONTINUE CMC