**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (SBN 257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (SBN 253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (SBN 275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 362-9555

*Counsel for Plaintiffs and the Putative Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE KROMMENHOCK and STEPHEN HADLEY, on behalf of themselves, all others similarly situated, and the general public,<br><br>　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>POST FOODS LLC,<br><br>　　　　Defendant. | Case No. 3:16-cv-04958-WHO (JSC)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Dept:　　4<br>Judge:　　Hon. William H. Orrick |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, in accordance with Local Rule 79-5(e), plaintiffs hereby move for an order allowing them to file under seal unredacted copies of Plaintiffs' Opposition to Post's Motion to Dismiss the Second Amended Complaint, and Exhibits 8-12 to the supporting Declaration of Jack Fitzgerald ("Fitzgerald Decl.") that have either been designated as confidential under the protective order, or discuss information so designated.

This Application is based on this Notice, the below Memorandum, and the Declaration of Melanie Persinger in Support of Plaintiffs' Administrative Motion to File Documents Under Seal.

## INTRODUCTION

On June 1, 2017, the Court entered a Stipulated Protective Order in this action. (Dkt. No. 89.) The Protective Order permits parties to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)" (*id.* ¶ 2.2), including "trade secret or other confidential research, development, or commercial information," Fed. R. Civ. P. 26(c). Under the Protective Order, the parties have agreed to apply to file such confidential information under seal. (*See id.* ¶ 12.3.)

Because Post Foods LLC ("Post") has designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents discussed and quoted in Plaintiffs' Opposition to Post's Motion to Dismiss the Second Amended Complaint, and Exhibits 8-12 to the supporting Fitzgerald Declaration, plaintiffs apply to file these documents under seal.

## ARGUMENT

"[T]he Supreme Court recognize[s] a federal common law right 'to inspect and copy public records and documents.' This right extends to pretrial documents filed in civil cases . . . ." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) (quoting *Nixon v. Warner Commc'ns.*, 435 U.S. 589, 597 (1978)). "Unless a particular court record is

1

one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Rich v. Shrader*, 2013 WL 6028305, at *1 (S.D. Cal. Nov. 13, 2013) (quoting *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006)).

The showing required to rebut the presumption in favor of access depends on whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). When the underlying motion is only tangentially related to the merits of the action, the applicant need only demonstrate "good cause" for sealing the documents. *See id.* at 1096-98. If, however, the documents to be sealed are "more than tangentially related to the merits of the case," the applicant must demonstrate "compelling reasons" for sealing the documents. *Id.*

"Motions to dismiss are typically treated as dispositive motions and are more than tangentially related to the underlying cause of action." *Garrison v. Oracle Corp.*, 2016 WL 7042988, at *2 (N.D. Cal. Feb. 22, 2016) (citing *Benedict v. Hewlett-Packard Co.*, 2014 WL 233827, at *2 (N.D. Cal. Jan. 21, 2014)). Accordingly, Post must show "compelling reasons" for sealing Exhibits 8-12 to the Fitzgerald Declaration, and references thereto in Plaintiffs' Opposition to Post's Motion to Dismiss the Second Amended Complaint.

"In general, sealing court records under the compelling reasons test will be justified when such records could be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Lucas v. Breg, Inc.*, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016) (quoting *Nixon*, 435 U.S. at 598). "As to this last category, courts have been willing to seal court filings containing confidential business material, 'such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data,' where the parties have been able to point to concrete factual information to justify sealing." *Id.* (quoting *Cohen v. Trump*, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016)). "However, '[t]he mere fact that the production of records may lead to a litigant's

2

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

1  embarrassment, incrimination, or exposure to further litigation will not, without more, compel
2  the court to seal its records.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179).

3  Further, pursuant to Local Rule 79-5(e), if the "Submitting Party is seeking to file under
4  seal a document designated as confidential by the opposing party or a non-party pursuant to
5  a protective order . . . within 4 days of the filing of the Administrative Motion to File Under
6  Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A)
7  establishing that all of the designated material is sealable." C.D. Cal. Civ. L. R. 79-5(e).

8  Post has designated Exhibits 8-12 to the Fitzgerald Declaration as "HIGHLY
9  CONFIDENTIAL – ATTORNEYS' EYES ONLY," and Plaintiffs' Opposition to Post's
10 Motion to Dismiss the Second Amended Complaint quotes from and discusses the
11 information contained in those exhibits. Accordingly, Post has 4 days from the filing of this
12 motion to demonstrate compelling reasons for sealing these documents. Pursuant to the
13 Protective Order, Post must "establish[ ] that the Protected Material at issue is privileged,
14 protectable as a trade secret, or otherwise entitled to protection under the law." (Dkt. No. 89,
15 at ¶ 12.3.)

17 Dated: December 1, 2017        /s/ Jack Fitzgerald
18                                **THE LAW OFFICE OF JACK FITZGERALD, PC**
                                  JACK FITZGERALD
19                                *jack@jackfitzgeraldlaw.com*
                                  TREVOR M. FLYNN
20                                *trevor@jackfitzgeraldlaw.com*
                                  MELANIE PERSINGER
21                                *melanie@jackfitzgeraldlaw.com*
22                                Hillcrest Professional Building
                                  3636 Fourth Avenue, Suite 202
23                                San Diego, California 92103
24                                Phone: (619) 692-3840
25                                Fax: (619) 362-9555

26                                ***Attorneys for Plaintiffs and the Proposed Class***

3

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL