UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE KROMMENHOCK, et al.,<br><br>    Plaintiffs,<br><br>        v.<br><br>POST FOODS, LLC,<br><br>    Defendant. | Case No. 16-cv-04958-WHO<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; DENYING MOTION CERTIFICATE OF APPEALABLITY; GRANTING MOTION TO APPOINT ADDITIONAL CLASS COUNSEL; RESOLVING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 229, 230, 231, 237 |

Currently before me are a number of issues. As explained below, Post's motions for leave to file a motion for reconsideration and motion for certificate of appealability are DENIED and plaintiffs' motion to appoint additional class counsel is GRANTED.

The parties should meet and confer regarding the class notice and case management schedule in advance of the May 27, 2020 Case Management Conference. The burdens on Post for engaging in that meet and confer and case management process are minimal. If Post seeks Rule 23(f) relief from the Ninth Circuit, and if the case is stayed as a result, the case schedule will be reassessed and the issuance of class notice put on hold. In the meantime, this case needs to move forward.[1]

**DISCUSSION**

**I.    MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

Post seeks leave to file a motion for reconsideration, arguing that in my March 9, 2020 Order granting plaintiffs class certification and resolving the *Daubert* motions, I manifestly failed

---

[1] Post's administrative motion to continue the May 27, 2020 Case Management Conference and its attendant obligations is DENIED. Dkt. No. 237.

to consider two sets of material facts and dispositive legal arguments that were presented. Dkt. No. 230. The first set of facts and arguments I supposedly failed to consider were Post's facts and argument proving that plaintiffs' damages model didn't "fit" their theory of liability as required by the Supreme Court's decision in *Comcast Corp. v. Behrend*, 569 U.S. 27, 35 (2013). The second set of facts and evidence I supposedly failed to consider were Post's argument that plaintiffs' price-premia model failed to account for supply-side factors. Plaintiffs oppose the motion for leave, arguing that Post fails to meet the standard required by Civil Local Rule 7-9(b)(3) for granting leave to file a motion for reconsideration. Dkt. No. 235.

As an initial matter, I considered all of the material facts and arguments Post and plaintiffs submitted in their voluminous filings, including hundreds of pages of briefs and thousands of pages of exhibits. That not every fact or argument was discussed in depth in my 48 page Order does not create error or indicate that I failed to consider material evidence or arguments.

Even if Post met the requirements of Civil Local Rule 7-9(b)(3), which it did not, I reject each of Post's arguments regarding error. On the *Comcast* "fit" argument, Post's complaint that plaintiffs' damages model included damages flowing from certain statements that plaintiffs are not or are no longer challenging (*e.g.*, Whole Grains Council Stamp) does not mean the model itself does not fit plaintiffs' liability theory. Post does not challenge the *design theory* behind the model itself nor the aim of what the model was assessing. Instead, Post challenges the *running* of the model by pointing to plaintiffs' experts' failure to exclude statements that plaintiffs were not challenging or that I determined were no longer be actionable. Any such over-inclusiveness impacts only the amount of damages plaintiffs may seek. Plaintiffs' experts, presumably, will be able to address any true over-inclusiveness in the existing or refined damages calculations.[2]

---

[2] Post's reliance on *McMorrow v. Mondelez Intl., Inc.*, 17-CV-2327-BAS-JLB, 2020 WL 1157191 (S.D. Cal. Mar. 9, 2020) – issued the same day my Order came out – is misplaced. There were multiple errors in the proposed conjoint survey in that case, where the consumer was asked about a "nutritious steady energy" claim but the plaintiffs' theory of liability was limited to the "nutritious" statement that (as the court noted) implied something significantly different from the "steady energy" claim. The proposed conjoint survey, therefore, could "not tell the Court whether the respondents would pay a price premium because the product is advertised as being 'nutritious,' or because it is advertised at providing 'steady energy,' or a combination of the two." *Id*. at *9.

As to Post's related argument that the conjoint survey impermissibly captures the value of the ingredients actually included in Post's cereals *and* as to Post's second set of arguments in support of reconsideration that the conjoint survey failed to account for supply-side conditions, both of these issues were considered and adequately addressed in my March 9, 2020 Order. *See, e.g.*, Dkt. No.228 at 27 (considering and rejecting Post's argument that "the model fails because plaintiffs' experts did not try and isolate and test the Challenged Statements separate and apart from the value of the unchallenged or truthful statements"); *id*. at 28-29 (relying on *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1108 (N.D. Cal. 2018), (rejecting challenge that conjoint analysis failed to use actual labels or adequately identify actual ingredients, as in the Ninth Circuit, such criticisms about methodology, including a survey's 'fail[ure] to replicate real world conditions,' 'go to the weight of the survey rather than its admissibility.'). Its arguments that Gaskin's conjoint surveys and Weir's analysis fail to prove classwide impact because they did not take into account changes in pricing or consumers' willingness to pay price premia over time or location similarly go to the weight not admissibility of the Consumer Impact Model.").[3]

Post's motion for leave is DENIED.

## II.     MOTION FOR CERTIFICATE OF APPEALABILITY

Post also moves for a certificate of appealability under 28 U.S.C. §1292(b) of my denial of Post's motion for summary judgment, to allow Post to raise its "controlling" First Amendment defense to plaintiffs' consumer protection claims and to allow the Ninth Circuit to consider what supply-side factors a conjoint analysis seeking to prove a price-premia must establish.

Appellate review before a final judgment is appropriate "only in exceptional cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966). For the court of appeals to have jurisdiction over an interlocutory appeal, the order must involve: (i) a controlling question of law; (ii) substantial

---

[3] Neither the unpublished Ninth Circuit opinion in *Zakaria v. Gerber Products Co.*, 755 Fed. Appx. 623, 625 (9th Cir. 2018), nor the out of circuit decisions applying California's unfair competition law (*In re Gen. Motors LLC Ignition Switch Litig.*, 407 F. Supp. 3d 212, 224 (S.D.N.Y. 2019) & *Schechner v. Whirlpool Corp.*, 2:16-CV-12409, 2019 WL 4891192, at *8 (E.D. Mich. Aug. 13, 2019)) persuade me to reconsider these conclusions.

3

1  grounds for difference of opinion; and (iii) a likelihood that an immediate appeal may materially

2  advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). Certification under §

3  1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements

4  are met. *Couch v. Telescope Inc*., 611 F.3d 629, 633 (9th Cir. 2010) "Courts traditionally will find

5  that a substantial ground for difference of opinion exists where "'the circuits are in dispute on the

6  question and the court of appeals of the circuit has not spoken on the point, if complicated

7  questions arise under foreign law, or if novel and difficult questions of first impression are

8  presented.'" *Id*., 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)).

9  However, section 1292 "was not intended merely to provide review of difficult rulings in hard

10 cases," and certification is at the discretion of the district court. *Swint v. Chambers Cnty.*

11 *Comm'n*, 514 U.S. 35, 47 (1995).

12      I addressed each of the First Amendment cases raised by Post in support of its motion for

13 summary judgment and noted why each of them was inapposite in my March 9, 2020 Order. Dkt.

14 No. 228 at 15-17 & fns. 12-13. Post nonetheless persists, arguing the "substantial grounds"

15 Section1292(b) factor by citing to those same inapposite cases. Dkt. No. 231 at 10-11. Post

16 justifies section 1292(b) review as necessary in order to allow Post to combat the "merits standard

17 of California's consumer-protection statutes [that] has drifted ever more toward allowing

18 commercial speech to be suppressed." *Id*. at 11. However, failing to cite a *single* case directly

19 addressing the question here (whether false or misleading speech actionable under generally

20 applicable consumer protection statutes may be protected by the First Amendment), Post wholly

21 fails to show that there are substantial grounds for difference of opinion that would justify Section

22 1292(b) certification.

23      Post asks me, separately, to certify an appeal on the question of whether experts

24 developing conjoint survey models to determine price-premia *must* design the surveys to address a

25 host of supply-side factors as well as the location and "relative obscurity" of challenged

26 statements. Dkt. No. 231 at 13-14. Post contends that certification of these questions is necessary,

27 despite its admitted intent to seek Rule 23(f) review of my class certification decision, so that the

28 Ninth Circuit may fully address the "impact" of these issues with respect not only to class

1  certification but also to Post's motion for summary judgment. Dkt. No. 231 at 2, 13-14.

2  However, as Post's own briefing on summary judgment showed, the conjoint survey design issues

3  were raised and fully encompassed by the class certification briefing and the related *Daubert*

4  motions. *See* Dkt. No. 163 at 23 (incorporating class certification and Daubert motions on

5  damages in one paragraph); Dkt. No. 206 at 12-13 (incorporating *Daubert* motions on damages in

6  two sentences). Post's remedy, if any, is to seek relief under Rule 23(f). There is no justification

7  to separately certify these issues under Section 1292(b).

8  Post's motion for a certificate of appealability is DENIED.

### III. MOTION TO APPOINT ADDITIONAL CLASS COUNSEL

Plaintiffs ask me to appoint additional class counsel, Sidney W. Jackson, III, given that the expert work and trial in this case will be extensive and complex. Dkt. No. 229. Post did not oppose plaintiffs' motion to appoint additional counsel, but presumably opposes it on the basis of its view that my certification of any class was erroneous.

Plaintiffs' motion to appoint additional class counsel is GRANTED. Plaintiffs have demonstrated that Sidney W. Jackson would adequately represent the class and is qualified to do so. Dkt. No. 229-2.

### IV. MOTIONS TO SEAL

Post has filed a chart identifying the specific pieces of information submitted by plaintiffs or Post on the class certification, summary judgment, and related motions to exclude that should remain under seal under the compelling justifications standard. *See* Dkt. No. 232. This chart identifies a significantly narrowed set of information that Post seeks to keep under seal, namely a limited amount of confidential information regarding formulas, costs of production, pricing strategy and analysis of pricing. *Id*. The motions to seal this very limited set of information is GRANTED.

Each filing party shall efile a revised version of Dkt. Nos. 142-02, 142-27, 142-38, 147, 170-01, 170-18, 172, 179-04, 179-11, and 202, redacting *only* the information identified in Dkt. No. 232 as allowed by the Court.

The Clerk shall UNSEAL ALL sealed filings in Dkt. No. 151 **except** Dkt. Nos. 151-7 (Ex.

2), 151-55 (Ex 45), 151-81 (Ex. 57), and 151-84 (Ex. 197).  These four filings remain under seal.

The Clerk shall UNSEAL ALL sealed filings in Dkt. No. 155 **except** Dkt. No. 155-12 (Weir Report).  Dkt. No. 155-12 may remain under seal.

The Clerk shall UNSEAL ALL sealed filings in Dkt. No. 174 **except** Dkt. Nos. 174-8 (Ex. 11) &  Dkt. No. 174-15 (Ex. 28).  These two filing may remain under seal.

The Clerk shall UNSEAL Dkt. No. 175-3 (Mot. to Exclude Silverman).

The Clerk shall UNSEAL ALL sealed filings in Dkt. No. 178 **except** Dkt. Nos. 178-5 (Ex. 4) and 178-9 (Ex. 11).  These two filings remain under seal.

The Clerk shall UNSEAL Dkt. Nos. 207-4 and 207-6.   Dkt. No. 207-8 (Supp. Strombom Decl.) may remain under seal.

**IT IS SO ORDERED.**

Dated: May 9, 2020

William H. Orrick
United States District Judge