**THE LAW OFFICE OF JACK FITZGERALD, PC**
JACK FITZGERALD (257370)
*jack@jackfitzgeraldlaw.com*
TREVOR M. FLYNN (253362)
*trevor@jackfitzgeraldlaw.com*
MELANIE PERSINGER (275423)
*melanie@jackfitzgeraldlaw.com*
Hillcrest Professional Building
3636 Fourth Avenue, Suite 202
San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 353-0404

**JACKSON & FOSTER, LLC**
SIDNEY W. JACKSON, III (*pro hac vice*)
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699
Fax: (251) 433-6127

*Class Counsel*

**FAEGRE DRINKER BIDDLE & REATH LLP**
SARAH L. BREW (*pro hac vice*)
*sarah.brew@faegredrinker.com*
AARON VAN OORT (*pro hac vice*)
*aaron.vanoort@ faegredrinker.com*
NATHANIEL J. ZYLSTRA (*pro hac vice*)
*nathaniel.zylstra@faegredrinker.com*
NICHOLAS J. NELSON (*pro hac vice*)
*nichaols.nelson@faegredrinker.com*
EMILY R. ZAMBRANA (*pro hac vice*)
*emily.zambrana@faegredrinker.com*
90 South 7th Street, Suite 2200
Minneapolis, Minnesota 55402
Phone: (612) 766-7000
Fax: (612) 766-1600

**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON (SBN 240419)
*tarifa.laddon@faegredrinker.com*
11766 Wilshire Blvd., Suite 750
Los Angeles, California 90025
Phone: (310) 500-2090
Fax: (310) 500-2091

*Attorneys for Defendant Post Foods, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

DEBBIE KROMMENHOCK and
STEPHEN HADLEY, on behalf of
themselves, all others similarly situated, and
the general public,

    Plaintiffs,

       v.

POST FOODS, LLC,

    Defendant.

Case No. 3:16-cv-04958-WHO (JSC)

**JOINT CASE MANAGEMENT STATEMENT**

Judge:    Hon. William H. Orrick
CMC:    August 11, 2020, 2:00 p.m.

Pursuant to N.D. Cal. Civ. L.R. 16-10(d), Class Representatives Debbie Krommenhock and Stephen Hadley, and Defendant Post Foods, LLC, submit the following Joint Case Management Conference Statement to report progress or changes since the last statement was filed, and to make proposals for the remainder of the case development process.

## I.     Causes of Action and Products

The parties agree on one way in which this case will be narrowed for trial but disagree on another way.

**Agreed-upon narrowing.** As stated in the Parties' Stipulation Regarding Trial (Dkt. 245), the parties have agreed that Plaintiffs will maintain their legal claims under the Consumer Legal Remedies Act and for breach of warranty under the Commercial Code, and they will narrow the Products and Subclasses for trial to the following: (a) Honey Bunches of Oats, (b) Great Grains, (c) Raisin Bran, (d) Honeycomb, and (e) Waffle Crisp.

To implement this narrowing of the case, the parties stipulated to the decertification of the following Subclasses: (a) Alpha-Bits, (b) Bran Flakes, (c) Honey Bunches of Oats Granola, and (d) Honey Bunches of Oats Whole Grain, and to the dismissal with prejudice of Plaintiffs' individual claims concerning Alpha-Bits, Bran Flakes, Honey Bunches of Oats Granola, and Honey Bunches of Oats Whole Grain, with each party bearing their own costs and fees as to the dismissed claims.

**Disputed dismissal of claims for equitable monetary relief.**

*Post's position.* Post believes that, under a new controlling decision issued by the Ninth Circuit on June 17, 2020, Plaintiffs' claims for equitable monetary relief under the Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA) must be dismissed on the pleadings because Plaintiffs have an adequate remedy at law for damages under the CLRA and Commercial Code. *See Sonner v. Premier Nutrition*, 962 F.3d 1072 (9th Cir. 2020). In *Sonner*, the Court held that federal common law controls a federal court's equitable authority, and that under this law a plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the

1

UCL and CLRA." *Id.* at 1081. There, the plaintiff sought "the same sum in equitable restitution … as she requested in damages to compensate her for the same past harm." *Id.* The Ninth Circuit therefore held the legal remedy to be adequate as a matter of law and granted the defendant's motion to dismiss the claims for equitable monetary relief. Here, Plaintiffs seek the same amount in restitution under the UCL, FAL, and CLRA that they seek in damages under the CLRA and for breach of warranty. *Sonner* is therefore controlling and requires that Plaintiffs' claims for equitable monetary relief be dismissed.

Because *Sonner* addressed the issue of an adequate legal remedy as a matter of law, Post believes that the proper procedural vehicle for addressing it here is motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). The scheduling orders in this case did not impose a deadline for Rule 12(c) motions (or for "dispositive motions" generally)[1] (Dkt. 85, 137), and hence a Rule 12(c) motion may be brought any time after the pleadings are closed, as long as the motion is made "early enough not to delay trial." *See Spears v. First Am. eAppraiseIt*, 2013 WL 1748284, at *2 (N.D. Cal. Apr. 23, 2013) (allowing 12(c) motion against timing objection because "trial will not be delayed by considering this motion"); *Buck v. Cemex, Inc.*, 2014 WL 5430422, at *2 (E.D. Cal. Oct. 24, 2014) (finding judgment for motion on the pleadings timely when trial date was more than six months away). Here, Post is raising the equitable-remedies argument promptly at the first Case Management

---

[1] Plaintiffs argue, without support, that the deadline for summary judgment motions in the scheduling orders should be construed as a deadline for **all** dispositive motions. They cite only an out-of-circuit case where the court found a motion for judgment on the pleadings filed after the deadline for dispositive motions untimely because it was the "functional equivalent of a motion for summary judgment" in that it "explicitly relied upon deposition transcripts and other information procured during discovery." *Torres v. Puerto Rico*, 485 F.3d 5, 8 n.4 (1st Cir. 2007). That case is further distinguishable because the parties repeatedly sought extensions of the discovery and dispositive motion deadlines, the court sanctioned the parties their delay, and the court "admonished, with conspicuous clarity, that … no dispositive motions would be entertained after the designated date." *Id.* In contrast here, the parties have never requested an extension of the fact discovery deadline and the court has not indicated that the deadline for summary judgment motions was meant to cover all dispositive motions.

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

Conference after *Sonner* was decided earlier this summer, and there is ample time to have the issue decided before trial. Moreover, deciding this issue now, rather than after trial, will preserve court and party resources because a dismissal of Plaintiffs' equitable claims will avoid the need to propose and issue findings of fact and conclusions of law on the equitable claims.

Post therefore proposes the following briefing schedule for Post's motion for judgment on the pleadings to dismiss Plaintiffs' claims for equitable monetary relief:

- Post's Motion for Judgment on the Pleadings - August 31, 2020
- Plaintiffs' Opposition - September 14, 2020
- Post's Reply - September 21, 2020
- Hearing - September 30, 2020

Plaintiffs argue below that the question of whether their legal remedies are adequate is a question of fact, that the procedural mechanism for raising it is therefore Rule 56, and that Post cannot bring a second Rule 56 motion after the deadline in the scheduling order. All of these arguments are incorrect. First, in arguing that adequacy is a fact issue, Plaintiffs cite a decision applying California state law. But *Sonner* holds that adequacy is a matter of federal common law, and that it can be decided on the pleadings. A Rule 12(c) motion for judgment on the pleadings is therefore appropriate. Even if Rule 56 is the proper procedural mechanism, however, the Court should allow Post to file a Rule 56 motion addressing the adequacy-of-remedies issue because a successive motion is appropriate when there has been an "intervening change in controlling authority." *Eaton v. Siemens*, 2012 WL 761341, at *3 (E.D. Cal. Mar. 8, 2012); *AAA Flag & Banner Mfg. Co, Inc. v. Flynn Signs & Graphics, Inc.*, 2010 WL 11463632, at *2 (C.D. Cal. Mar. 15, 2010). The Court has discretion to allow successive motions, and doing so in appropriate circumstances "is logical, and it fosters the 'just, speedy, and inexpensive' resolution of suits." *Hoffman v. Tonnemacher*, 593 F.3d 908, 911 (9th Cir. 2010). Many decisions from this District have allowed a second summary

3

judgment motion simply to address "novel issues not addressed" in the original motion. *Means v. City & Cty. of San Francisco*, 2011 WL 2565484, at *2 (N.D. Cal. June 29, 2011); *see also Wamboldt v. Safety-Kleen Sys., Inc.*, 2007 WL 2600735, at *1 (N.D. Cal. Sept. 10, 2007) (allowing second summary judgment motion on a "new legal basis"); *Miller v. California Dep't of Corr. & Rehab.*, 2019 WL 3753175, at *1–2 (N.D. Cal. Aug. 8, 2019) (similar). But a successive motion is certainly appropriate when there has been a "churning of the law" on an issue and then it becomes settled. *Golden Gate Hotel Ass'n v. City & Cty. of San Francisco*, 18 F.3d 1482, 1487 (9th Cir. 1994). That is the case here, where the district courts had expressed varying views on whether equitable monetary relief could be sought under the UCL, FAL, and CLRA even if a damages remedy was available. *Compare Philips v. Ford Motor Co.*, 2015 WL 4111448, at *16 (N.D. Cal. July 7, 2015) ("Statutory relief under the UCL is subject to fundamental equitable principles, including inadequacy of the legal remedy."), *with Luong v. Subaru of Am., Inc.*, 2018 WL 2047646 at *7 (N.D. Cal. May 2, 2018) ("The availability of monetary damages does not preclude a claim for equitable relief under the UCL and CLRA based upon the same conduct."). Now that *Sonner* has settled the issue, Post is promptly raising it. Thus, if this Court believes that Rule 56 is the better vehicle for addressing the issue, Post respectfully requests that it allow Post to bring a Rule 56 motion and set the briefing schedule above.

**Plaintiffs' position.** "The question [of] whether or not a given remedy at law is adequate is . . . a question of fact[.]" *PNC Equip. Fin., LLC v. Cal. Fairs Fin. Auth.*, 2012 WL 2872813, at *7 (E.D. Cal. July 12, 2012) (quoting *People v. Stafford Packing Co.*, 193 Cal. 719, 728 (1924)). The Court set a deadline of April 24, 2019 for summary judgment motions, and Post filed a summary judgment motion. Rule 16 provides that a "scheduling order must limit the time to . . . file motions." Fed. R. Civ. P. 16(b)(3)(A). With Post's opportunity to demonstrate "there are no questions of fact" regarding the adequacy of Plaintiff's legal remedies having come and gone, the Court should not allow Post to tax further resources of the Courts and parties with a second bite at the summary judgment apple.

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

1    *See, e.g.*, *Alvion Props., Inc. v. Weber*, 2012 WL 13041459, at *1 (M.D. Tenn. Nov. 2, 2012)

2    (motion for judgment on the pleadings filed after deadline for dispositive motions was

3    untimely), *report and recommendation adopted*, 2012 WL 13041642 (M.D. Tenn. Nov. 20,

4    2012); *Garcia v. Regis Corp.*, 2011 WL 1004921, at *1 (D. Ariz. Mar. 22, 2011) (denying

5    motion for judgment on the pleadings "summarily without a responsive briefing" because

6    "the deadline for dispositive motions [had] expired . . . and Defendant fail[ed] to show good

7    cause for amending the schedule." (citing Fed. R. Civ. P. 16(b) (the district judge shall enter

8    a scheduling order and that the "schedule shall not be modified except upon a showing of

9    good cause and by leave of the district judge"))); *Ray v. Ford Motor Co.*, 2011 WL 6440521,

10   at *1 (M.D. Ala. Dec. 22, 2011) (denying as untimely a motion for judgment on the pleadings

11   filed after deadline for dispositive motions). Further, because the adequacy of legal remedies

12   is a question of *fact*, any motion for judgment *on the pleadings* would be fruitless and

13   improper.

14          Post takes issue with Plaintiffs' position that its motion would be untimely because the

15   Court's scheduling order refers only to a deadline for Post's "Motion for Summary

16   Judgment," Dkt. No. 85, rather than to Rule 12(c) motions specifically. Rule 12(c) motions

17   for judgment on the pleadings, however, are considered dispositive motions, *see, e.g.*, *Koegel*

18   *v. Gov't Employees Ins. Co.*, 2017 WL 3149919, at *2 (E.D. Cal. July 25, 2017)

19   ("A motion for judgment on the pleadings is a dispositive motion." (citing *E. & J. Gallo*

20   *Winery v. Andina Licores S.A.*, 440 F. Supp. 2d 1115, 1125 (E.D. Cal. 2006))), and where a

21   court sets a deadline for summary judgment motions, that date has been similarly considered

22   to be the dispositive motion deadline. *Cf. Torres v. Puerto Rico*, 485 F.3d 5, 8 n.4 (1st Cir.

23   2007) (While the district court labeled this deadline as a deadline for the filing of summary

24   judgment motions, the record makes manifest both that the court intended the deadline to

25   apply to all dispositive motions and that the parties knew that to be the case."). This makes

26   sense because just "[l]ike summary judgment motions, motions under Rule 12(c) are 'directed

27   towards a final judgment on the merits.'" *Johnson v. Randle*, 2012 WL 1964996, at *17 (S.D.

28

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

1  Ill. May 31, 2012) (quoting *Republic Steel Corp. v. Penn. Eng'g Corp.,* 785 F.2d 174, 178 n.

2  2 (7th Cir.1986)). And although Post argues that successive summary judgment motions

3  would be proper here due to an "intervening change in controlling authority," it concedes that

4  *Sonner* did not *change* the law, but rather at most "settled" the "varying views" of the district

5  courts.

6       In truth, *Sonner* only applied long-standing law to a particular and unique set of facts.

7  *See* 962 F.3d at 1078 (citing for its primary holding, "that a federal court must apply

8  traditional equitable principles before awarding restitution under the UCL and CLRA," the

9  decisions in *Payne v. Hook*, 74 U.S. (7 Wall.) 425, 430 (1868) and *Guar. Tr. Co. of N.Y. v.*

10 *York*, 326 U.S. 99 (1945)); *see also id.* at 1078-79 ("Since *York*, the [Supreme] Court has

11 never held or suggested that state law can expand a federal court's equitable powers")).

12 Tellingly, Post has not moved for reconsideration of the Court's order on summary judgment,

13 likely because it cannot demonstrate "a material difference in . . . law exists," or "a change

14 of law occurring after the time of such an order" as required to seek leave for reconsideration,

15 N.D. Cal. Civ. L.R. 7-9(b)(1)-(2). The Court should thus decline to credit this excuse for

16 Post's delay in filing the motion. *See Torres*, 485 F.3d at 11 (affirming denial of motion for

17 judgment on the pleadings as untimely where "[t]he defendants could have, but did not, ask

18 that court to validate their excuse [for filing after the dispositive motion deadline] and extend

19 the dispositive motion deadline on that basis," and noting that "[t]heir failure to do so sp[oke]

20 loudly about the insubstantiality of the excuse.").

21       Even if the Rule 12(c) motion Post proposes was not procedurally improper, and

22 untimely under the Court's scheduling order, it would be untimely under Rule 12 itself.  Rule

23 12(c) provides that, "[a]fter the pleadings are closed . . . a party may move for judgment on

24 the pleadings," but only if the motion is "early enough not to delay trial[.]" Fed. R. Civ. P.

25 12(c). Here, Post proposes a briefing schedule with a motion hearing at the end of September.

26 Presumably, the Court would then take at least several months to resolve the motion, so that

27 it is far from sure any motion Post filed now would be "early enough not to delay trial[.]" The

28

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

1   Court should thus preclude Post from filing any such motion. *See Horn v. Med. Marijuana,*
2   *Inc.*, 383 F. Supp. 3d 114, 125 n.7 (W.D.N.Y. 2019) (Denying as untimely motion for
3   judgment on the pleadings filed "more than one year after the" deadline to amend pleadings
4   had passed, "when discovery had already been completed," because "Defendants' motion
5   would delay trial—even though a trial date has not been set—insofar as it would require
6   further litigation on issues tangential to the merits and would prevent timely resolution of
7   those claims for which summary judgment is inappropriate.").

8         The Court should especially decline Post's request to file a new Rule 12 or Rule 56
9   motion because, in these circumstances, it is a waste of time, and yet another attempt by Post
10  to delay a resolution of this action on the merits and avoid trial for as long as possible (a
11  theme that will recur below). If the legal remedies are adequate, the outcome of the legal
12  claims tried first to the jury will determine the outcome of the equitable claims, and the
13  damages and restitution will be identical and concurrent, such that there is no practical
14  prejudice to Post of those cumulative claims remaining in the case pending trial. *See Allen v.*
15  *Hyland's, Inc.*, 773 Fed. App'x 870, 873-74 (9th Cir. 2019) ("[W]here legal claims tried by
16  the jury and equitable claims are 'based on the same set of facts, the Seventh Amendment
17  requires the trial judge to follow the jury's implicit or explicit factual determinations.'"
18  (quoting *Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011)). If, on the other hand,
19  the legal remedies are inadequate, they should not be dismissed. *See, e.g., id.* at 874 (Noting
20  that because "[t]he UCL's prohibition of unfair business practices sweeps more broadly than
21  the CLRA, Magnuson-Moss Warranty, or express warranty," the district court "erred in
22  granting judgment to" a defendant that obtained a favorable trial verdict because "[t]he jury's
23  narrow findings as to deceptive advertising d[id] not resolve Allen's broader unfair practices
24  theory," and remanding the case for "the district court [to] engage in fact-finding to resolve
25  this claim").

26        To the extent the Court allows Post to file its proposed second summary judgment
27  motion, Plaintiffs do not concede legal remedies are adequate, and would oppose it.

28

7

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

## II.    Class Notice & Exclusion Deadline

Post's Rule 23(f) petition was denied by the Ninth Circuit on July 21, 2020 (Dkt. 246), so it is now time to address class notice. The Parties have discussed and largely agree on the content of class notice and a notice plan. But they have one dispute over the end dates for the class periods. The parties agree that the Court should resolve this issue before notice is sent, because it will affect the scope of the class and the timing of notice.

Post's position is that the Class Period for each product should end when Post updated the label to disclose the amount of added sugar per serving in the Nutrition Facts Panel. Post asserts that the addition of an added-sugar disclosure is a material difference in the labeling, such that Plaintiffs (who did not purchase a Post cereal containing that disclosure) are not adequate representatives of persons who purchased cereals with added-sugar disclosures. Plaintiffs, in contrast, assert that, under *Williams v. Gerber*, the added-sugar disclosures in the Nutrition Facts Box make no difference to their claims as a matter of law, and thus do not affect Plaintiffs' adequacy. Hence, they would extend that Class Periods until all challenged statements were removed from the packaging or class notice is sent, whichever comes first.

The Parties respectfully request that the Court permit this issue to be briefed with an abbreviated procedure wherein each party submits a brief, no longer than 5 pages, setting forth the party's position, by August 18, 2020. After the Court rules, the Parties request that they be given 21 days to submit proposed class notice and a class notice plan, identifying for the Court issues that remain in dispute, if any.

## III.    Trial Schedule

The Parties agree on the below trial schedule. The schedule is based on an assumption that trial will occur in April 2021, but the parties have also included a column identifying how long before trial each deadline will occur, so the deadlines can be adjusted based on a different trial date.

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

| Event | Proposed Date (based on April 2021 trial) | Days Before Trial |
|---|---|---|
| Case Management Conference | August 11, 2020 | |
| Trial Plan Briefing to address severing subclasses and sequentially trying liability, damages, and punitive damages[2] | October 9, 2020 | 185 days before trial |
| Deadline for parties to exchange proposed stipulations of fact, witness lists, and papers described in Civil L.R. 16-10(b)(7), (8), (9) and (10) (except for deposition designations; proposed findings of fact and conclusions of law; and schedules, summaries, diagrams, charts, and other visuals)[3] | January 15, 2021 | 87 days before trial |

[2] Ordinarily, this Court does not address severance and bifurcation until the Joint Pretrial Statement, but in this situation, Plaintiffs and Post believe it makes sense to address it earlier so the parties can prepare for the correct form of trial.

[3] These included items are: (7) exhibits and other trial material, including copies of all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the trial other than for impeachment or rebuttal, with each proposed exhibit premarked for identification and the underlying documents of any exhibit available for inspection and copying upon request; (8) briefs on all significant disputed issues of law, including procedural and evidentiary issues; (9) in jury cases, serving and filing requested voir dire questions, jury instructions, and forms of verdict; or in court cases, serving and filing proposed findings of fact and conclusions of law; and (10) statements designating excerpts from depositions (specifying the witness and page and line references), from interrogatory answers and from responses to requests for admission to be offered at the trial other than for impeachment or rebuttal.

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

| Event | Proposed Date (based on April 2021 trial) | Days Before Trial |
|---|---|---|
| Deadline for parties to exchange deposition designations | January 22, 2020 | 80 days before trial |
| Deadline for parties to exchange motions in limine | January 29, 2021 | 73 days before trial |
| Deadline for parties to exchange counter deposition designations | January 29, 2020 | 73 days before trial |
| Deadline for parties to exchange objections to exhibits and deposition designations | February 5, 2021 | 66 days before trial |
| Deadline for lead trial counsel to meet and confer with respect to:<br><br>• Preparation & content of joint pretrial conference statement;<br><br>• Resolution of any differences regarding preparation and content of joint pretrial conference statement and preparation and exchange of pretrial materials, including exhibits and deposition designations; and<br><br>• Settlement. | February 12, 2021 | 59 days before trial |
| Deadline for parties to file motions in limine (all motions to be contained in one 25-page brief with each motion listed as a subheading). | February 19, 2021 | 52 days before trial |
| Deadline for parties to file joint pretrial conference statement | February 26, 2021 | 45 days before trial |

10

| Event | Proposed Date (based on April 2021 trial) | Days Before Trial |
|---|---|---|
| Deadline for parties to file joint statement regarding jury instructions, with both agreed-upon and contested instructions noted | February 26, 2021 | 45 days before trial |
| Deadline for parties to stipulate to admissibility and authenticity of trial exhibits | February 26, 2021 | 45 days before trial |
| Deadline for parties to file statement identifying objections and responses of proffering party to exhibits and deposition designations | February 26, 2021 | 45 days before trial |
| Deadline for parties to file oppositions to motions in limine (to be contained in one 25-page brief) | March 5, 2021 | 38 days before trial |
| Final Pretrial Conference | March 15, 2020 2:00 p.m. | 28 days before trial |
| Deadline for parties to exchange any visuals, graphics, or exhibits to be used in opening statements. | Wednesday, April 7, 2021 | 5 days before trial |
| Deadline to file any unresolved objections to any visuals, graphics, or exhibits to be used in opening statements | Thursday, April 8, 2021 | 4 days before trial |
| Counsel must be available by telephone to discuss any issue with the Court | Friday, April 9, 2021 | 3 days before trial |
| Deadline to provide copies of exhibits to Court in accordance with Local Rule 16-10(b)(7) | Friday, April 9, 2021 | 3 days before trial |

11

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

| Event | Proposed Date (based on April 2021 trial) | Days Before Trial |
|---|---|---|
| Commencement of Trial | Monday, April 12, 2021, 8:00 a.m. | |
| Deadline to file proposed Findings of Fact and Conclusions of Law on all material issues (if applicable) | Three weeks after trial | |
| Deadline for plaintiffs to submit proposed injunctive relief | Three weeks after trial | |
| Deadline for defendant to respond to proposed injunctive relief | Two weeks after plaintiffs' brief | |

## IV.   ADR

Post's position is that the parties should wait for the Ninth Circuit's decision on appeal in the parallel case in *Truxel v. General Mills Sales, Inc.*, No. 19-16621, then assess whether further mediation sessions would be productive, given that the parties have attempted two previous mediations with two private mediators without success. As the parties have previously mentioned, Plaintiffs' counsel simultaneously brought suit against Post, General Mills, and Kellogg based on the same theory that the added sugar in cereals made it deceptive to state or imply that they were healthy foods. In *Truxel*, the district court dismissed the case for failure to state a claim, holding that Plaintiff's allegations failed the reasonable-consumer standard. *See Truxel v. Gen. Mills Sales, Inc.*, 2019 WL 3940956 (N.D. Cal. Aug. 13, 2019). Plaintiff in that case appealed, and the appeal was argued on June 12, 2020, making it likely that a decision will be issued before this case reaches trial. Because the complaints in *Truxel* and here are substantially similar, the Ninth Circuit's decision will inform the outcome of this case.

Plaintiffs are agnostic. If and when Post wants to mediate, Plaintiffs will do so. Plaintiffs note, however, that, contrary to Post's assertion, *Truxel* is *unlikely* to be decided

12

1  before trial in this case. For example, the Ninth Circuit recently issued a decision in a much

2  simpler false advertising case, more than a year after oral arguments. *See Moore v. Mars*

3  *Petcare US, Inc.*, --- F.3d ----, 2020 WL 4331765 (9th Cir. July 28, 2020) (argued and

4  submitted July 19, 2019).

5  **V.      ADDITIONAL ISSUES**

6       **A.      Updated Sales Figures, Damages Calculations, and Labels**

7       Plaintiffs' damages calculations set forth in their motion for certification were based

8  on sales through December 2018, but as noted above, the subclass periods do not end on that

9  date.

10       After the Court determines when the Class Periods ends for each subclass pursuant to

11  the briefing requested above, Plaintiffs would like to obtain from IRI sales information to

12  enable their damages experts to update damages calculations through the end of the Subclass

13  Periods. Post has no objection to Plaintiffs doing so, or to providing updated product labels

14  for the same purpose.

15       Using this information, Plaintiffs would then like to provide an updated declaration

16  from their damages expert, Colin Weir, applying the premiums derived from Plaintiffs'

17  conjoint surveys to the full amount of relevant sales from August 29, 2012 through the end

18  of the relevant Subclass Periods. Mr. Weir's declaration would also remove the damages

19  calculations relating to challenged language that the Court found preempted in its March 9,

20  2020 Order, and relating to the products Plaintiffs will not pursue at trial.

21       Other than updated mathematical calculations, Plaintiffs would be offering nothing

22  new. Because there needs to be some time for IRI to accumulate the data, Plaintiffs request

23  that they have 60 days from the commencement of class notice to serve Mr. Weir's updated

24  declaration on Post, with Plaintiffs required to serve any such declaration, in all events, seven

25  days before the deadline for parties to exchange proposed stipulations of fact, witness lists,

26  and papers described in Civil L.R. 16-10(b)(7), (8), (9), and (10).

27

28

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

1   Once Plaintiffs provide Post with Mr. Weir's updated declaration, Post, in turn, would

2   like to provide an updated declaration from its damages expert, Dr. Bruce Strombom, that

3   similarly incorporates the updated sales and pricing data through the end of relevant subclass

4   periods. Post proposes that Dr. Strombom provide his updated declaration no later than 30

5   days after Plaintiffs serve Mr. Weir's updated declaration. Plaintiffs do not object to this.

6   **B.   Post's Proposed Motion to Amend Eight Admissions Related to Added**

7   **Sugar Levels.**

8   Finally, last summer, Post served amended responses to some of Plaintiffs' Requests

9   for Admissions related to added sugar levels in its products. In preparation for this Case

10  Management Conference, Post asked Plaintiffs whether they would contest eight of those

11  amended responses at trial (those related to products still at issue) and require Post to move

12  under Fed. R. Civ. P. 36(b) for leave to amend. Plaintiffs asked Post to meet and confer with

13  them on the issue after the Case Management Conference pursuant to Paragraph 4 of the

14  Court's Standing Order to see if the issue can be resolved, and to accommodate Plaintiffs'

15  schedule. Post agreed to do so. If the parties reach agreement, the issue will not come before

16  the Court. If they do not reach agreement, the parties will file a joint submission pursuant to

17  the Court's Standing Order.

18

19  Dated: August 4, 2020          Respectfully submitted,

20                                 /s/  Jack Fitzgerald

21                                 **THE LAW OFFICE OF**
                                   **JACK FITZGERALD, PC**

22                                 JACK FITZGERALD
                                   *jack@jackfitzgeraldlaw.com*

23                                 TREVOR M. FLYNN

24                                 *trevor@jackfitzgeraldlaw.com*

25                                 MELANIE PERSINGER
                                   *melanie@jackfitzgeraldlaw.com*

26                                 Hillcrest Professional Building

27                                 3636 Fourth Avenue, Suite 202

28

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

San Diego, California 92103
Phone: (619) 692-3840
Fax: (619) 353-0404

**JACKSON & FOSTER, LLC**
SIDNEY W. JACKSON, III (*pro hac vice*)
75 St. Michael Street
Mobile, Alabama 36602
Phone: (251) 433-6699
Fax: (251) 433-6127

***Class Counsel***

Dated: August 4, 2020

/s/ Aaron Van Oort
**FAEGRE DRINKER BIDDLE & REATH LLP**
SARAH L. BREW
*sarah.brew@faegredrinker.com*
AARON VAN OORT
*aaron.vanoort@faegredrinker.com*
NATHANIEL J. ZYLSTRA
*nathaniel.zylstra@faegredrinker.com*
NICHOLAS J. NELSON
*nichaols.nelson@faegredrinker.com*
EMILY R. ZAMBRANA
*emily.zambrana@faegredrinker.com*
90 South 7th Street, Suite 2200
Minneapolis, Minnesota 55402
Phone: (612) 766-7000
Fax: (612) 766-1600

**FAEGRE DRINKER BIDDLE & REATH LLP**
TARIFA B. LADDON
*tarifa.laddon@faegredrinker.com*
11766 Wilshire Blvd., Suite 750
Los Angeles, California 90025
Phone: (310) 500-2090
Fax: (310) 500-2091

***Attorneys for Defendant Post Foods, LLC***

15

*Krommenhock et al. v. Post Foods LLC*, No. 16-cv-4958-WHO (JSC)
JOINT CASE MANAGEMENT STATEMENT

1

**<u>SIGNATURE ATTESTATION</u>**

2

I hereby attest that, pursuant to N.D. Cal. Civ. L.R. 5-1(i)(3), the concurrence to the

3

filing of this document has been obtained from each signatory hereto.

4

Dated: August 4, 2020                        <u>/s/  Jack Fitzgerald</u>
                                             Jack Fitzgerald

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16