UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE KROMMENHOCK, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>POST FOODS, LLC,<br><br>    Defendant. | Case No. 16-cv-04958-WHO<br><br>**ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 258 |

Defendant's motion is GRANTED in part, but with leave to amend to allow plaintiffs to specifically allege that their remedies at law are inadequate.[1] Considering the arguments raised regarding the Ninth Circuit's recent decision in *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), there is good cause to allow plaintiffs leave to amend on this narrow ground. That good cause is created by the *Sonner* decision itself, depending on how broadly it is read and assuming that it is not amended or withdrawn as a result of the pending petition for *en banc* review. There is also no prejudice to defendant in allowing this amendment, seeing as the equitable restitution claims have been present since the inception of this case and their continued presence does not materially alter the scope of the litigation on a going-forward basis.

Defendant is not correct that amendment would be futile. Plaintiffs raise a number of significant arguments demonstrating that their remedies at law would be inadequate with respect to at least some of the products/statements at issue, considering both the broad scope of the UCL's unfair prong and the four-year statute of limitations under the UCL as compared to the three-year statute of limitations under the CLRA and FAL (and as the warranty claims do not cover all of the products/statements remaining at issue in this case).

---

[1] This matter is appropriate for resolution on the papers. Therefore, the September 30, 2020 hearing is VACATED.

Defendant's reliance on cases where plaintiffs missed the statute of limitations is not persuasive. Dkt. No. 263. This is not a situation where plaintiffs are seeking to assert an equitable claim because they knowingly or mistakenly failed to file an otherwise adequate action at law within the applicable statute of limitations. Nor is it a situation, as in *Sonner*, where a party dropped a legal claim in order to avoid the rigors of a jury trial.

To be clear, I am not determining that plaintiffs are entitled to equitable restitution. Instead, I am acting within my discretion to allow plaintiffs leave to amend as they are able to plausibly allege that their entitlement to damages at law is inadequate to preserve their right to seek equitable restitution.

**IT IS SO ORDERED.**

Dated: September 29, 2020



William H. Orrick
United States District Judge