**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEBBIE KROMMENHOCK and STEPHEN HADLEY, on behalf of themselves, all others similarly situated, and the general public,<br><br>    Plaintiffs,<br><br>                v.<br><br>POST FOODS, LLC,<br><br>    Defendant. | Case No. 3:16-cv-04958-WHO<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Judge: Hon. William H. Orrick |

WHEREAS, the above-entitled action is pending before this Court (the "Action");

WHEREAS, Plaintiffs Debbie Krommenhock and Stephen Hadley have moved, pursuant to Federal Rule of Civil Procedure 23(e), for an order approving the Settlement of this Action in accordance with the Class Action Settlement Agreement ("Settlement Agreement") attached as Exhibit A to the Declaration of Jack Fitzgerald in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement (the "Motion"), which Settlement Agreement sets forth the terms and conditions for a proposed classwide settlement of the Action;

WHEREAS, the Court, has read and considered the Settlement Agreement, Plaintiffs' Motion, and the arguments of counsel;

**NOW, THEREFORE, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

1. <u>Settlement Terms</u>. All capitalized terms herein have the same meanings ascribed to them in the Settlement Agreement.

2. <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the action and over all parties to the action, including all members of the Settlement Class.

3. <u>Preliminary Approval of Proposed Settlement Agreement</u>. The Court finds that, subject to the Final Approval hearing, the proposed Settlement Agreement appears to be fair, reasonable, adequate, and within the range of possible approval considering the possible damages at issue and defenses to overcome. The Court also finds that the Settlement Agreement: (a) is the result of serious, informed, non-collusive, arms-length negotiations, involving experienced counsel familiar with the legal and factual issues of this case and made with the assistance and mediation services of Hon. Edward A. Infante (Ret.), Hon. James F. Holderman (Ret.), and Chief Magistrate Judge Joseph C. Spero; and (b) appears to meet all applicable requirements of law, including Federal Rule of Civil Procedure 23, and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. Therefore, the Court grants preliminary approval of the Settlement.

4. <u>Class Certification for Settlement Purposes Only</u>. The Court conditionally certifies, for settlement purposes only, a Class defined as all persons in the United States who, between August 29, 2012 and November 2, 2020 (the "Class Period"), purchased in the United States, for household use and not for resale or distribution, any of the Class Products identified in Appendix 1 to the Settlement Agreement.

1  5. The Court finds, for settlement purposes only, that class certification under Federal Rule of Civil Procedure 23(b)(3) is appropriate in the settlement context because (a) the Settlement Class Members are so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs and proposed Class Representatives are typical of the claims of the Settlement Class; (d) the Plaintiffs and proposed Class Representatives and their counsel will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. <u>Class Representatives</u>. The Court appoints Plaintiffs Debbie Krommenhock and Stephen Hadley as Class Representatives.

7. <u>Class Counsel</u>. The Court appoints The Law Office of Jack Fitzgerald, PC and Jackson and Foster, LLC as Class Counsel.

8. <u>Settlement Class Administrator</u>. The Court hereby approves Postlethwaite & Netterville ("P&N") to act as Class Administrator. P&N shall be required to perform all the duties of the Class Administrator as set forth in the Agreement and this Order.

9. <u>Qualified Settlement Fund</u>. P&N is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(c) and (e)(1), to act as the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3), and to undertake all duties as administrator in accordance with the Treasury Regulations promulgated under § 1.468B of the Internal Revenue Code of 1986. All costs incurred by the Class Administrator operating as administrator of the Settlement Fund shall be construed as costs of Claims Administration and shall be borne solely by the Settlement Fund. Interest on the Settlement Fund shall inure to the benefit of the Class.

10. <u>Class Notice</u>.  The Court approves the form and content of the Class Notice in the long form attached to the Settlement Agreement as Exhibit 1, the short form attached to the Settlement Agreement as Exhibit 2, and the other forms of notice submitted with Plaintiffs' Motion for Preliminary Approval. The Court finds that dissemination of the Class Notice as proposed in the Settlement Agreement and in P&N's

Notice Plan as set forth in the January 18, 2021 Declaration of Brandon Schwartz meets the requirements of Federal Rule of Civil Procedure 23(c)(2), and due process, and further constitutes the best notice practicable under the circumstances. Accordingly, the Court hereby approves the Notice Plan.

11. The Court recognizes that Defendant Post Foods, LLC ("Post") has collected approximately 68,400 individual customer email addresses that that likely include some Settlement Class Members. The Court further recognizes that Post's privacy policy generally prohibits it from sharing personal information, such as these names and emails, to unrelated third parties, but allows for disclosure "required by law" or "in response to a lawful request by public authorities." In order to achieve "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified with reasonable effort," Fed. R. Civ. P. 23(c)(2), the Court orders that: (i) Post produce the approximately 68,400 individual customer names and email addresses that it has collected to P&N; (ii) P&N use the individual customer names and email addresses solely for the purpose of disseminating Class Notice in this case and no other purpose; and (iii) P&N maintain the confidentiality of the individual customer names and email addresses and not disclose them to any person outside of P&N except as necessary to disseminate Class Notice in this case.

12. <u>Objection and Exclusion Deadline</u>. Settlement Class Members who wish either to object to the Settlement or to exclude themselves from the Settlement must do so by the Objection Deadline and Exclusion Deadline which are sixty-three (63) calendar days after the Settlement Notice Date. Settlement Class Members may not both object to and exclude themselves from the Settlement. If a Settlement Class Member submits both a Request for Exclusion and an Objection, the Request for Exclusion will be controlling.

13. <u>Exclusion from the Settlement Class</u>. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Notice and send a compliant request to the Class Administrator at the address designated in the Class Notice, postmarked by the Exclusion Deadline. The Request for Exclusion must (i) be in writing and mailed; (ii) contain the name of this Action, *Krommenhock v. Post Foods, LLC*, No. 5:16-cv-04958-WHO, (iii) contain the full name and address of the Settlement Class Member; (iv) state that the Settlement Class Member wishes to be excluded by the Settlement; and (v) be

signed individually by the Settlement Class Member or his or her attorney. No Request for Exclusion may be made on behalf of a group of Settlement Class Members.

14. All Settlement Class Members who submit a timely, valid Request from Exclusion will be excluded from the Class and will not be bound by the terms of the Settlement Agreement and any determinations and judgments concerning it. All Settlement Class Members who do not submit a valid Request for Exclusion the required date in accordance with the terms set forth in the Agreement, will be bound by all determinations and judgments concerning the Agreement.

15. <u>Objections to the Settlement</u>. To object to the Settlement, Settlement Class Members are encouraged to follow the directions in the Notice and file or mail to the Court a written Objection by the Objection Deadline. In the written Objection, the Settlement Class Member should include (i) a caption or title that clearly identifies the Action and that the document is an objection, (ii) the Settlement Class Member's name, current address, and telephone number, or—if objecting through counsel—his or her lawyer's name, address, and telephone number, (iii) the Class Product(s) the Settlement Class Member bought during the Class Period, (iv) a clear and concise statement of the Class Member's objection, as well as any facts and law supporting the objection, (v) if the Class Member (or his or her lawyer) wishes to appear and speak at the Final Approval Hearing, a statement to that effect, (v) the objector's signature, and (vi) the signature of the objector's counsel, if any. The Parties may seek leave from the Court to obtain document discovery from and take depositions of any objecting Settlement Class Member on topics relevant to the Objection.

16. If a Settlement Class Member does not submit a written Objection to the Settlement or to Class Counsel's application for attorneys' fees and costs or the Service Awards in accordance with the deadline and procedure set forth in the Notice and this Order, but the Settlement Class Member wishes to be appear and be heard at the Final Approval Hearing, the Settlement Class Member may do so given leave of Court.

17. Objecting Settlement Class Members may appear at the Final Approval Hearing and be heard. If an objecting Class Member wants to appear at the Final Approval Hearing, a notice of intention to appear should be filed with the Court.

4
*Krommenhock v. Post Foods, LLC*, No. 16-cv-4958-WHO
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AS AMENDED

18. All members of the Settlement Class, except those who submit timely Requests for Exclusion, will be bound by all determinations and judgments in this Action, whether favorable or unfavorable to the Settlement Class.

19. <u>Submission of Claims</u>. To receive a cash award, Settlement Class Members must follow the directions in the Notice and file a claim with the Class Administrator by the Claims Deadline, which is sixty-three (63) calendar days after the Settlement Notice Date. Settlement Class Members who do not submit a claim will not receive a cash award but will be bound by the Settlement.

20. <u>Schedule of Future Events</u>. The Court adopts the schedule proposed by Plaintiff, as follows (with Day "1" the date of this Order):

| Event | Day | Approximate Weeks After Preliminary Approval |
|---|---|---|
| Date of Preliminary Approval Order | 1 | - |
| Deadline to commence 63-day notice period | 21 | 3 weeks |
| Deadline for Plaintiffs to file Motion for Attorneys' Fees, Costs, and Incentive Awards | 49 | 7 weeks |
| Notice completion date, and deadline to make a claim, opt out, and object | 84 | 12 weeks |
| Deadline for Plaintiffs to file Motion for Final Approval | 102 | 15 weeks |
| Final Approval Hearing | 116 | 17 weeks |

21. <u>Final Approval Hearing</u>. A Final Approval Hearing is scheduled for Wednesday June 23, 2021, at 2:00 p.m., for the Court to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be finally approved by the Court; whether a Judgment should be entered; and to determine any amount of fees, costs, and expenses that should be awarded to Class Counsel and the amount of any service awards to Plaintiffs. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the

Settlement, with such modifications as may be agreed to by the settling Parties, if appropriate, without further notice to the Settlement Class.

22. <u>Stay of Proceedings</u>. All proceedings in this action are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement Agreement.

23. If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

24. <u>No Admission of Liability.</u> By entering this Order, the Court does not make any determination as to the merits of this case. Preliminary approval of the Settlement Agreement is not a finding or admission of liability by Defendant. Furthermore, the Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, the Final Approval Order, and the Judgment.

25. <u>Retention of Jurisdiction</u>. The Court retains jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement and the settlement described therein.

**IT IS SO ORDERED.**

Dated: February 24, 2021



Hon. William H. Orrick
United States District Judge