1
2
3
4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    DEBBIE KROMMENHOCK, et al.,                Case No.  16-cv-04958-WHO

8                    Plaintiffs,

9            v.                                  **ORDER GRANTING FINAL**
                                                 **APPROVAL AND AWARDING**
10   POST FOODS, LLC,                            **ATTORNEY FEES AND COSTS**

11                   Defendant.

12           The Court having held a Final Approval Hearing on June 23, 2021, notice of the Final

13   Approval Hearing having been duly given in accordance with this Court's Order Granting

14   Preliminary Approval of the Class Action Settlement, and having considered all matters submitted

15   to it at the Final Approval Hearing and otherwise, and good cause appearing therefore,

16                   **THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:**

17           1.      <u>Incorporation of Other Documents</u>. The Settlement Agreement dated January 15,

18   2021, including its exhibits, and the definitions of words and terms contained therein are

19   incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order are

20   also incorporated by reference in this Order.

21           2.      <u>Jurisdiction</u>. This Court has jurisdiction over the subject matter of this Action and

22   over the Parties, including all members of the following Settlement Class certified for settlement

23   purposes in this Court's Preliminary Approval Order: All persons in the United States who, between

24   August 29, 2012 and November 2, 2020 (the "Class Period"), purchased in the United States, for

25   household use and not for resale or distribution, any of the Class Products identified in Appendix 1

26   to the Settlement Agreement. Excluded from the Settlement Class are all persons who validly

27   excluded themselves from the Settlement Class according to the terms of this Court's Preliminary

28   Approval Order.

3.     <u>Class Certification</u>. For purposes of settlement only, the Settlement Class, as defined in the Settlement Agreement and above, meets the requirements of Federal Rule of Civil Procedure Rule 23(a) and 23(b). Accordingly, for purposes of settlement, the Court finally certifies the Settlement Class.

4.     <u>Adequate Representation</u>. The Class Representatives and Class Counsel have adequately represented the Settlement Class in accordance with Federal Rule of Civil Procedure 23(e)(2)(A).

5.     <u>Arms-Length Negotiations</u>. The Settlement Agreement is the product of arms-length settlement negotiations between the Plaintiffs and Class Counsel, on the one hand, and Defendant and its counsel, on the other, in accordance with Federal Rule of Civil Procedure 23(e)(2)(B).

6.     <u>Class Notice</u>. The Class Notice and claims submission procedures set forth in Sections 4 and 6 of the Settlement Agreement and the Notice Plan filed on January 18, 2021 fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Classes as contemplated in the Settlement Agreement and this Order. *See* Fed. R. Civ. P. 23(e)(2)(C)(ii).

7.     <u>CAFA Notice</u>. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

8.     <u>Settlement Class Response</u>. A total of 335,816 Settlement Class Members made valid claims, and a total of 2 Settlement Class Members submitted timely and proper Requests for Exclusion, as reported in the declaration of the Class Administrator submitted to this Court. The Court hereby orders that each of the individuals who submitted valid Requests for Exclusion are excluded from the Settlement Class. Those individuals will not be bound by the Settlement Agreement, and neither will they be entitled to any of its benefits.

9.     <u>Objections</u>. No timely and proper Objections to the Settlement Agreement were submitted.  The one class member who filed an "objections" sought only more money under the

Settlement Agreement which is neither an appropriate objection nor warranted. Plaintiffs faced serious risks both on the merits of their claims and on the ability to maintain certification as a litigation class in this matter. The relief provided to the Settlement Classes pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorney's fees this Court has awarded. *See* Fed. R. Civ. P. 23(e)(2)(C)(i), (iii). The Settlement also treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

10. <u>Final Settlement Approval</u>. The Court hereby finally approves the Settlement Agreement, the exhibits, and the Settlement contemplated thereby ("Settlement"), and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure and directs its consummation pursuant to its terms and conditions.

11. <u>Attorneys' Fees and Costs; Service Awards</u>. The Court grants Class Counsel's application for for attorney fees in the amount of 30% of the gross settlement fund, costs in the amount of $967,606, and service awards to each Settlement Class representative in the amount $5,000.00 each. The Settlement Agreement provides for Class Counsel's Fee Award to be paid before the time to appeal this Order has expired. If the Fee Award is voided or reduced on appeal, either directly or as a result of the final approval of the Settlement as a whole being vacated, overturned, reversed, or rendered void as a result of an appeal, Class Counsel shall within thirty (30) days repay either to the Settlement Fund or to Post the affected amount of the attorneys' fees and costs paid to Class Counsel, in an amount proportionate to the distribution among Class Counsel's firms, in accordance with the directions in the Settlement Agreement. By receiving any payments pursuant to the Settlement Agreement, The Law Office of Jack Fitzgerald, PC and Jackson & Foster, LLC and their shareholders, members, and/or partners submit to the jurisdiction of this Court for the enforcement of the reimbursement obligation set forth herein and in the Settlement Agreement. If Class Counsel fails to timely repay the attorneys' fees and costs that are owed under this provision, the Court shall be entitled, upon application of Post, and notice to Class Counsel, to summarily issue orders, including but not limited to judgments and attachment orders against each of Class Counsel.

12.     <u>Dismissal</u>. The Court hereby DISMISSES WITH PREJUDICE, without costs to any party, except as expressly provided for in the Settlement Agreement, the Action, as defined in the Settlement Agreement.

13.     <u>Release</u>. Upon the Effective Date as defined in the Settlement Agreement, the Plaintiffs and each and every one of the Settlement Class Members unconditionally, fully, and finally releases and forever discharges the Released Parties from the Released Claims. In addition, any rights of the Class Representatives and each and every one of the Settlement Class Members to the protection afforded under Section 1542 of the California Civil Code and any other similar, comparable, or equivalent laws, are terminated.

14.     <u>Injunction Against Released Claims</u>. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Released Parties. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order of Dismissal, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15.     <u>No Admission of Liability</u>. The Settlement Agreement and any and all negotiations, documents, and discussions associated with it will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing by Defendant, or the truth of any of the claims. Evidence relating to the Agreement will not be discoverable or admissible, directly or indirectly, in any way, whether in this Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, the Preliminary Approval Order, or this Order.

16.     <u>Findings for Purposes of Settlement Only</u>. The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

17.     <u>Effect of Termination or Reversal</u>. If for any reason the Settlement terminates or Final Approval is reversed or vacated, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Class Representatives to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court, except insofar as the Agreement expressly provides to the contrary. In such an event, the certification of the Settlement Classes will be deemed vacated. The certification of the Settlement Classes for settlement purposes will not be considered as a factor in connection with any subsequent class certification issues.

18.     <u>Settlement as Defense</u>. In the event that any provision of the Settlement or this Final Order of Dismissal is asserted by Defendant as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

19.     <u>Injunctive Relief</u>. By incorporating the Settlement Agreement's terms herein, the Court determines that this Final Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

20.     <u>Retention of Jurisdiction</u>. Without affecting the finality of the Judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of the Judgment and the Agreement and all matters ancillary to the same.

21.     <u>Post-Distribution Accounting</u>. Within 21 days after the distribution of the settlement funds and payment of attorneys' fees, the parties should file a Post-Distribution Accounting in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements.

22.     <u>Entry of Judgment</u>. The Clerk of the Court is directed to enter Judgment.

**IT IS SO ORDERED.**

Dated: June 25, 2021

William H. Orrick
United States District Judge